**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-511 T
Filed: July 23, 2014

**FILED**
JUL 23 2014
U.S. COURT OF FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BENJAMIN WHITFIELD,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Pro Se*;
*Subpoena Duces Tecum*;
RCFC 56(d) (when discovery is required to defeat a motion for summary judgment).

## MEMORANDUM OPINION AND ORDER REGARDING SUBPOENA DUCES TECUM

### I.   RELEVANT FACTS AND PROCEDURAL HISTORY.

On July 25, 2013, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims that, liberally construed,[1] alleges: (1) a claim for "civil damages for unauthorized collection practices[,] pursuant to 2[6] U.S.C. § 7433" (Compl. ¶ 26); and (2) a tax refund claim under 28 U.S.C. § 1346(a)(1), for a $2,927.42 overpayment of tax liabilities for the 2010 tax year. Compl. ¶ 20.

On February 5, 2014, the Government filed an Answer.

On May 9, 2014, Plaintiff filed a Motion For Subpoena Duces Tecum ("Pl. Mot."), requesting the production of

(a.) A[n] unredacted copy of the August 20, 2012 Memorandum that is address[ed] to JOE AUBIN from the Supervisory Tax Examiner of the Department of Treasury Internal Service in Washington, D.C.

---

[1] The pleadings of a *pro se* plaintiff are held to a less rigorous standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers").

(b.) Any E-mail and faxes that were sent to and received from the Internal Revenue Service concerning Federal Income Tax Refund Check number 3158-09872961 between August 6th–20th, 2012.

(c.) Any Investigative Reports of the Florida Department of Corrections that were written as the chronology of investigative events pursuant to Florida Department of Corrections Procedure 203.015(2)(g) for the processing of Federal Income Tax Checks belonging to an inmate.

Pl. Mot. 2.

On May 19, 2014, the Government filed a Response ("Gov't Resp."). On June 2, 2014, Plaintiff filed a Reply ("Pl. Reply").

On July 3, 2014, the Government filed a Motion For Summary Judgment ("Gov't Mot.") arguing that the refund check intercepted by the Internal Revenue Service ("IRS") that forms the basis of this lawsuit was erroneously issued, because Plaintiff supplied false wage and tax withholding information to the IRS on his 2010 tax return. Gov't Mot. 1.

On July 18, 2014, Plaintiff filed a Motion For Enlargement, seeking sixty (60) additional days to respond to the Government's July 3, 2014 Motion. On July 21, 2014, the Government filed a Response, stating that it does not oppose Plaintiff's requested enlargement.

## II.   DISCUSSION.

### A. Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum.

After careful review, the court has concluded that Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum must be denied, because none of the requested discovery is relevant to any of the claims alleged in the July 25, 2013 Complaint that the United States Court of Federal Claims has jurisdiction to adjudicate.

To the extent Plaintiff asserts a claim under 26 U.S.C. § 7433, that allows a taxpayer to "bring a civil action for damages against the United States *in a district court of the United States*," 26 U.S.C. § 7433 (emphasis added), the United States Court of Federal Claims does not have jurisdiction. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction . . . [under 26 U.S.C. § 7433]."); *see also Montagne v. United States*, 90 Fed. Cl. 41, 48 (2009) ("The United States Court of Federal Claims has held that claims for relief premised on alleged negligent, wrongful, or unauthorized conduct by the IRS are based in tort and not within the jurisdiction of this court."); *Russell v. United States*, 78 Fed. Cl. 281, 287 (2007) ("Because [section] 7433(a) grants exclusive jurisdiction over claims of damages stemming from the unauthorized collection of taxes to the United States district court, this court lacks jurisdiction to hear plaintiff's case.").

To the extent the July 25, 2013 Complaint alleges a claim for a tax refund, the United States Court of Federal Claims has jurisdiction to adjudicate that claim. *See* 28 U.S.C. § 1346(a)(1) (providing that the "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected"). But, none of the information requested in Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum is relevant to "the exact dollar amount to which [Plaintiff] is entitled." *Mo. Pac. R. Co. v. United States*, 168 Ct. Cl. 86, 90 (1964) (requiring a taxpayer to "affirmatively show that he has overpaid his taxes . . . . [by] proving the exact dollar amount to which he is entitled"); *see also* RCFC 26(b)(1) (defining discoverable material as "any nonprivileged matter that is relevant to a party's claim or defense"). Likewise, none of the information requested is relevant to whether the IRS was in error when it issued Plaintiff a refund check for 2010, because it was based on allegedly falsified wage and withholding information.

For these reasons, Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum is denied.

### B. Plaintiff's July 18, 2014 Motion For Enlargement.

Pursuant to Rule 6(b), and for good cause shown, Plaintiff's July 18, 2014 Motion For Enlargement is granted. Plaintiff's Response to the Government's Motion For Summary Judgment is due **on or before October 3, 2014.**

### III. CONCLUSION.

For these reasons, Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum is denied. Plaintiff's July 18, 2014 Motion For Enlargement is granted. In preparing a Response to the Government's July 3, 2014 Motion For Summary Judgment, Plaintiff may wish to consider RCFC 56(d), providing that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer ruling to allow the party time to take discovery, or issue "any other appropriate order."

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge