**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-511 T
Filed: December 5, 2014
NOT PUBLISHED

**FILED**

DEC - 5 2014

U.S. COURT OF
FEDERAL CLAIMS

*******************************************
\*
\*
BENJAMIN WHITFIELD,                       \*
\*
Plaintiff, *pro se*,                      \*
\*
v.                                         \*
\*
THE UNITED STATES,                        \*
\*
Defendant.                                \*
\*
\*
*******************************************

**Benjamin Whitfield**, *pro se*.

**Gregory S. Knapp**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND.[1]

Benjamin Whitfield ("Plaintiff") has been incarcerated in the Florida Department of Corrections since April 5, 2011. Compl. ¶ 2. Sometime prior to his incarceration, Plaintiff filed a Form 1040-EZ for the 2010 tax year with the Internal Revenue Service ("IRS"). Compl. ¶ 1. On May 25, 2011, while Plaintiff was incarcerated, the IRS advised him, by mail, that it intended to conduct an audit of his tax returns. Compl. ¶ 3.

On or about March 5, 2012, the IRS issued a refund to Plaintiff in the amount of $2,927.42. Answer ¶ 4. On August 6, 2012, Plaintiff's aunt sent the refund check to the Inmate Trust of the Florida Department of Corrections ("Inmate Trust"). Compl. ¶ 7. On or about August 8, 2012, an Inmate Trust official notified the IRS that Plaintiff was an inmate at the

---

[1] The relevant facts discussed herein were derived from Plaintiff's July 25, 2013 Complaint ("Compl."), exhibits attached thereto ("Pl. Exs. A–E"), and the Government's February 5, 2014 Answer ("Answer").

Florida Department of Corrections. Compl. ¶ 8. On August 20, 2012, the IRS notified Inmate Trust officials that the March 25, 2012 refund was issued in error and requested that it be returned to the IRS. Compl. ¶ 9; Pl. Ex. C.

## II.   PROCEDURAL HISTORY.

On July 25, 2013, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims that alleges a claim for "civil damages for unauthorized collection practices[,] pursuant to 2[6] U.S.C. § 7433," and seeks a "Refund Check in the amount of $2,927.42, plus accrued interest." Compl. at 6. On that date, Plaintiff also filed an application to proceed *in forma pauperis* that the court granted on August 1, 2013. On February 5, 2014, the Government filed an Answer.

On May 9, 2014, Plaintiff filed a Motion For Subpoena Duces Tecum for IRS and Florida Department of Corrections communications relating to Plaintiff's refund check. On May 19, 2014, the Government filed a Response. On June 2, 2014, Plaintiff filed a Reply. On July 23, 2014, the court issued a Memorandum Opinion And Order, denying Plaintiff's Motion For Subpoena Duces Tecum. *See Whitfield v. United States*, 117 Fed. Cl. 609, 611 (2014) ("[N]one of the information requested in Plaintiff's May 9, 2014 Motion For Subpoena Duces Tecum is relevant to the exact dollar amount to which [Plaintiff] is entitled.") (internal quotation marks and citation omitted).

On July 3, 2014, the Government filed a Motion For Summary Judgment. On September 3, 2014, the Government filed a Motion To Dismiss ("Gov't Mot. To Dismiss"). On September 22, 2014, Plaintiff filed a Response to the Government's Motion To Dismiss ("Pl. Resp.") and a Response to the Government's Motion For Summary Judgment. On September 24, 2014, the Government filed a Reply In Support Of Its Motion To Dismiss ("Gov't Reply").

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)

2

(*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.  Standard of Review for Pro Se Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.  The Government's Argument.

The Government argues that the court should dismiss the July 25, 2013 Complaint, pursuant to the "three strikes" rule of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g). Gov't Mot. to Dismiss at 5–6. The Government cites several cases where Plaintiff's claims have been dismissed as frivolous, malicious, or for failure to state a claim. *See Whitfield v. Paz*, Case No. 09-20535, Docket No. 52, at 15 (S.D. Fl. Feb. 19, 2010) ("Prior to his filing of this case, Whitfield had at least three other civil cases . . . [that] were dismissed for reasons that qualify those dismissals as 'strikes' for purposes of § 1915(g)."); *see also Whitfield v. Joseph*, Case No. 04-61690, Docket No. 75, at 2 (S.D. Fla. Oct. 31, 2006) (holding that Plaintiff's claim was "exactly the type of claim precluded by" binding precedent); *Whitfield v. Kidd*, Case No. 03-62057, Docket No. 19, at 2 (S.D. Fla. June 17, 2004) (dismissing Plaintiff's claims for failure to exhaust administrative remedies under the PLRA); *Whitfield v. Anderson*, 1:02-cv-00003, Docket No. 21, at 2 (M.D. Ga. Feb. 27, 2003) (magistrate judge recommending dismissal of Plaintiff's claims with prejudice for failure to comply with the court's orders).

The Government concedes that it failed to raise the "three strikes" argument in its July 3, 2014 Motion for Summary Judgment; nonetheless, Section 1915(g) "is not an affirmative defense that must be raised in the pleadings, but an absolute statutory limitation on prisoner litigation that courts may invoke anytime." Gov't Mot. To Dismiss at 6 (citing *Harris v. City of N.Y.*, 607 F.3d 18, 23 (2nd Cir. 2010) ("[We] find that a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the 'three strikes rule has' not been raised by the defendant in the pleadings."). The Government also notes that the United States Court of Federal Claims previously has dismissed other complaints filed by Plaintiff under the "three strikes rule" *sua*

*sponte*. Mot. to Dismiss at 6 (citing *Warren v. United States*, 106 Fed. Cl. 507, 509 (2012); *Brown v. United States*, 88 Fed. Cl. 795, 798 (2009)). Therefore, the Government requests that the court vacate its August 1, 2013 Order granting Plaintiff's application to proceed *in forma pauperis*, without paying the court's filing fee. Gov't Mot. To Dismiss at 7. In addition, the Government requests that the court issue an order to restrict any of Plaintiff's future filings in this court. Gov't Reply at 2 (citing *Brooker v. United States*, 107 Fed. Cl. 52, 54 (2012) (acknowledging the "court's inherent power to sanction bad-faith conduct")).

### D.  Plaintiff's Response.

Plaintiff's September 22, 2014 Response provides that:

> Plaintiff concedes that the facts as stated by the [Government] concerning the "three strikes" provision of the Prison Litigation Return [sic] Act ("PLRA"), 28 U.S.C. § 1915(g) governs this action.
>
> Plaintiff request[s] that the dismissal is without prejudice and that the "Time for Filing Suit" is 28 U.S.C. § 2501, because at this time, Plaintiff cannot pay the filing fee and it would take quite sometime for Plaintiff to arrange payment of the filing fee from a Friend or Family member, which is not a guarantee that such an arrangement can be accomplished.

Pl. Resp. at 1.

### E.  The Court's Resolution.

Section 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Applying the PLRA's "three strikes rule" is straightforward. Plaintiff may not proceed *in forma pauperis*, if he/she "has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Since 2000, Plaintiff has filed at least twenty-four civil actions in various federal courts. Mot. To Dismiss at 2. Accordingly, the United States District Court for the Southern District of Florida has determined that Plaintiff is subject to the PLRA. *See Whitfield v. Paz*, Case No. 09-20535, Docket No. 52, at 15 (S.D. Fl. Feb. 19, 2010) ("[D]ue to the existence of those three prior 'strikes' Whitfield is precluded by the PLRA and § 1915(g) from proceeding *in forma pauperis*[.]"). In that case, the district court extensively reviewed Plaintiff's prior filings and carefully explained why each constituted a strike. *Id.* at 15–18. It also determined that Plaintiff

4

was not truthful in the information provided to the court to prevent the application of § 1915(g), that constituted "abuse of the judicial process" and warranted another strike. *Id.* at 18–22.

The court has no reason to second-guess the several prior United States district courts that have applied "the three strikes rule" to Plaintiff's complaints and barred him from proceeding *in forma pauperis*. Plaintiff has not indicated that he is in any imminent danger of serious physical injury in the present case; therefore, he may not continue in this case without first paying the court's filing fee.

Like *Whitfield v. Paz*, the application of the PLRA's "three strikes rule" did not come to the court's attention until after it granted Plaintiff leave to proceed *in forma pauperis*. *See id.* at 22–23. But, the court is required to dismiss the action once it becomes apparent that Section 1915(g) applies. *See id.*; *see also* 28 U.S.C. § 1915(g) ("*In no event* shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]") (emphasis added); *Johnson v. United States*, 82 Fed. Cl. 150, 154 (2008) (determining that, because § 1915(g) applied, the plaintiff's "complaint must be dismissed"). Furthermore, Plaintiff concedes that the "three strikes rule" bars his action. Pl. Resp. at 1.

## IV.   CONCLUSION.

For these reasons, the Clerk of Court is directed to strike the court's August 1, 2013 Order granting Plaintiff's *in forma pauperis* status. If Plaintiff fails to pay the filing fee within 30 days, the Clerk of Court is directed to dismiss the July 25, 2013 Complaint without prejudice.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**